**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JESSE D. GIDDINGS,** | : | |
| **Plaintiff** | : | |
| | : | **No. 1:22-cv-00097** |
| **v.** | : | |
| | : | **(Judge Kane)** |
| **L.T. ROGERS, <u>et</u> <u>al.</u>,** | : | |
| **Defendants** | : | |

## <u>MEMORANDUM</u>

Pending before the Court are Defendants' motions to dismiss Plaintiff's complaint filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. Nos. 20, 21.) For the reasons set forth below, the Court will grant in part and deny in part those motions. In addition, the Court will afford Plaintiff the opportunity to file an amended complaint.

## I.   BACKGROUND

### A.   Procedural Background

On January 18, 2022, <u>pro se</u> Plaintiff, who is presently incarcerated as a pretrial detainee at the Lycoming County Prison ("LCP") in Williamsport, Pennsylvania, commenced the above-captioned action by filing a complaint pursuant to the provisions of 42 U.S.C. § 1983 against the following Defendants, all of whom worked at LCP during the period of time relevant to Plaintiff's claims: Lieutenant Josh Rogers; Sheila Lain, LPN; Kim Poorman, RN; and Shawn P. McLaughlin, MD ("Defendants").[1]  (Doc. No. 1.)  In addition to the complaint, Plaintiff also filed motions for leave to proceed <u>in forma pauperis</u> (Doc. Nos. 2, 7) and his prisoner trust fund account statement (Doc. No. 8).

---

[1] For purposes of this Memorandum, the Court has taken the spelling of Defendants' first and last names from their filings. (Doc. Nos. 20, 21.)

On March 11, 2022, the Court granted Plaintiff leave to proceed in forma pauperis and directed the Clerk of Court to serve a copy of the complaint (Doc. No. 1) and the administrative grievance document filed in support of the complaint (Doc. No. 9) on Defendants.[2]  (Doc. No. 10.)  In the interest of administrative judicial economy, the Court requested that Defendants waive service pursuant to Rule 4(d) of the Federal Rules of Civil Procedure.  (Id.)

As reflected by the Court's docket, Defendants subsequently filed their waivers of service (Doc. Nos. 15 through 17, 19), and counsel entered an appearance on their behalf (Doc. No. 18).  Then, on May 9, 2022, Defendant McLaughlin filed a motion to dismiss the complaint (Doc. No. 20), followed by a brief in support thereof (Doc. No. 22), and the following day, Defendants Lain, Poorman, and Rogers filed a motion to dismiss the complaint (Doc. No. 21), also followed by a brief in support thereof (Doc. No. 23).  Plaintiff has not filed a brief in opposition to either one of those motions or sought an extension of time to do so.  Thus, the Court deems Plaintiff not to oppose Defendants' pending motions to dismiss the complaint pursuant to Local Rule 7.6 of this Court.

### B.    Factual Background

In the complaint, Plaintiff alleges that, on November 8, 2021, while he was handcuffed and being taken to "intake" for an altercation that had occurred on G-Block, he was "assaulted" by Defendant Rogers on the elevator.  (Doc. No. 1 at 4.)  In support, Plaintiff alleges that Defendant Rogers elbowed him in the back of his head and yelled in his ear, "I told you to face

---

[2]  On March 1, 2022, Plaintiff filed a document titled, "Lycoming County Inmate Grievance Form." (Doc. No. 9.) This form is dated February 24, 2022, and it pertains to events that occurred after Plaintiff commenced this lawsuit. (Id. at 1 (alleging, inter alia, that he is "currently being targetted [sic] by the entire [LCP] staff, [d]ue to the fact [that he has] civil-cases [sic] against officers of the prison").)

the fucking wall." (Id.)  Plaintiff alleges that he "caused no threat to [Defendant] Rogers what soever [sic]." (Id.)  Plaintiff claims that, as a result of this incident, he has experienced severe neck and back pain.  (Id. at 4, 5.)

In addition, Plaintiff alleges that he subsequently "tried to talk to the Nurse," Defendant Lain, "who was comming [sic] in to start her shift[.]" (Id. at 4.)  Plaintiff alleges, however, that he was "denied medical attention" from Defendants Lain, Poorman, and McGlaughlin.  (Id. (alleging that he has "yet to have the proper medical treatment or a proper exame [sic]" for the incident involving Defendant Rogers).)

In connection with all of these allegations, Plaintiff asserts violations of his rights under the Eighth and Fourteenth Amendments to the United States Constitution.  (Id. at 5.)  As for relief, Plaintiff states that he "want[s] this officers [sic] job removed so he will not be able to do this to another [i]nmate." (Id.)  Plaintiff also states that he is seeking monetary damages for "medical cost and pain and suffering." (Id.)

## II.   LEGAL STANDARD

Federal notice and pleading rules require the complaint to provide the defendant notice of the claim and the grounds upon which it rests.  See Phillips v. Cty. of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008).  The plaintiff must present facts that, accepted as true, demonstrate a plausible right to relief.  See Fed. R. Civ. P. 8(a).  Although Federal Rule of Civil Procedure 8(a)(2) requires "only a short and plain statement of the claim showing that the pleader is entitled to relief," a complaint may nevertheless be dismissed under Federal Rule of Civil Procedure 12(b)(6) for its "failure to state a claim upon which relief can be granted."  See Fed. R. Civ. P. 12(b)(6).

When ruling on a motion to dismiss under Rule 12(b)(6), the Court accepts as true all factual allegations in the complaint and all reasonable inferences that can be drawn from them,

3

viewed in the light most favorable to the plaintiff.  See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009);

In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010).  To prevent dismissal, all

civil complaints must set out "sufficient factual matter" to show that their claims are facially

plausible.  See Iqbal, 556 U.S. at 678; Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir.

2009).  The plausibility standard requires more than a mere possibility that the defendant is liable

for the alleged misconduct: "[W]here the well-pleaded facts do not permit the court to infer more

than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that

the pleader is entitled to relief.'"  See Iqbal, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)).

Accordingly, the United States Court of Appeals for the Third Circuit has identified the

following steps that a district court must take when reviewing a 12(b)(6) motion: (1) identify the

elements that a plaintiff must plead to state a claim; (2) identify any conclusory allegations

contained in the complaint that are "not entitled" to the assumption of truth; and (3) determine

whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an

entitlement to relief."  See Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010)

(internal citations and quotation marks omitted).  The Third Circuit has specified that in ruling on a

Rule 12(b)(6) motion to dismiss for failure to state a claim, "a court must consider only the

complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly

authentic documents if the complainant's claims are based upon these documents."  See Mayer v.

Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol.

Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)).

In the context of pro se prisoner litigation, the court must be mindful that a document filed

pro se is "to be liberally construed."  See Estelle v. Gamble, 429 U.S. 97, 106 (1976).  A pro se

complaint, "however inartfully pleaded," must be held to "less stringent standards than formal

4

pleadings drafted by lawyers" and can be dismissed for failure to state a claim only if it appears

beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle

him to relief.  See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

## III.    DISCUSSION

Plaintiff has filed his complaint pursuant to the provisions of 42 U.S.C. § 1983, claiming

that Defendants violated his constitutional rights while he has been incarcerated at LCP.  (Doc. No.

1.)  Section 1983 provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or
> usage, of any State or Territory or the District of Columbia, subjects, or causes to
> be subjected, any citizen of the United States or other person within the jurisdiction
> thereof to the deprivation of any rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party injured in an action at law, suit in
> equity, or other proper proceeding for redress.

See id.  Thus, "Section 1983 imposes civil liability upon any person who, acting under the color of

state law, deprives another individual of any rights, privileges, or immunities secured by the

Constitution or laws of the United States."  See Shuman v. Penn Manor School Dist., 422 F.3d

141, 146 (3d Cir. 2005) (citation omitted).  Section 1983 "does not create any new substantive

rights but instead provides a remedy for the violation of a federal constitutional or statutory

right."  See id. (citation omitted).

Additionally, in order to plausibly state a claim under Section 1983, Plaintiff must allege

that each defendant was personally involved in the act or acts that he claims violated his

federally protected rights.  See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).  "A

plaintiff makes sufficient allegations of a defendant's personal involvement by describing the

defendant's participation in or actual knowledge of and acquiescence in the wrongful conduct."

Chavarriaga v. New Jersey Dep't of Corr., 806 F.3d 210, 222 (3d Cir. 2015) (citing Rode, 845

F.2d at 1207); Dooley v. Wetzel, 957 F.3d 366, 374 (3d Cir. 2020) (stating that "[p]ersonal

involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence'" (quoting <u>Rode</u>, 845 F.2d at 1207)).  The Court now turns to Defendants' arguments.

### A.    Defendants McGlaughlin and Poorman

Defendants McGlaughlin and Poorman argue, <u>inter alia</u>, that the complaint fails to state a Section 1983 claim upon which relief can be granted because Plaintiff has not alleged that they were personally or affirmatively involved in any deprivation of his constitutional rights.  (Doc. No. 22 at 9-11; Doc. No. 23 at 20-21).  In support, they argue that the complaint sets forth only general allegations and, thus, does not satisfy the pleading requirements of a Section 1983 claim.  (<u>Id.</u>)  The Court agrees.

While Defendants McGlaughlin and Poorman have been named in the caption of the complaint (Doc. No. 1 at 1) and have also been listed as Defendants in the "DEFENDANT(s)" section of the complaint (<u>id.</u> at 2-3), there is a complete absence of specific, factual allegations throughout the body of the complaint that would give rise to a plausible inference that they had personal involvement in any asserted deprivation of Plaintiff's constitutionally protected rights. In fact, the only allegation that Plaintiff has levied against Defendants McGlaughlin and Poorman is broad and conclusory (<u>i.e.</u>, that he was "denied medical attention" by them (Doc. No. 1 at 4)) and falls well short of showing that they participated in or had actual knowledge of and acquiesced in the asserted constitutional deprivations.

Accordingly, the Court finds that the complaint fails to state a Section 1983 claim upon which relief can be granted against Defendants McGlaughlin and Poorman.  As a result, Plaintiff's Section 1983 claims against these Defendants will be dismissed.

6

## B.    Defendant Lain

Defendant Lain argues, <u>inter</u> <u>alia</u>, that the complaint fails to state a Fourteenth

Amendment inadequate medical care claim upon which relief can be granted.  (Doc. No. 23 at

21-23.)  In support, Defendant Lain argues that, under the governing legal standard, the

complaint fails to allege that she acted with deliberate indifference to any of his medical needs.

(<u>Id.</u>)  The Court agrees.

At the outset, the Court observes that Plaintiff has asserted his claim of inadequate

medical care under the Eighth Amendment against all three (3) of the medical Defendants—<u>i.e.</u>,

Defendants McGlaughlin, Poorman, and Lain.  (Doc. No. 1 at 5.)  The Court further observes,

however, that a pretrial detainee's claim of inadequate medical care arises under the Fourteenth

Amendment, not the Eighth Amendment.  See <u>Natale v. Camden Cty. Corr. Facility</u>, 318 F.3d

575, 581 (3d Cir. 2003).  As a result, the Court construes Plaintiff's Eighth Amendment claims

against the medical Defendants as Fourteenth Amendment claims.

That being said, the Supreme Court of the United States has recognized that the Fourteenth

Amendment affords pretrial detainees protections that are "'at least as great'" as those afforded to

convicted prisoners under the Eighth Amendment.  <u>See</u> <u>id.</u>  (quoting <u>City of Revere v. Mass. Gen.</u>

<u>Hosp.</u>, 463 U.S. 239, 244 (1983)).  Thus, in the context of claims for inadequate medical care, the

Third Circuit Court of Appeals has "found no reason to apply a different standard than that set

forth in <u>Estelle [v. Gamble</u>, 429 U.S. 97 (1976)] (pertaining to prisoners' claims of inadequate

medical care under the Eighth Amendment) when evaluating whether a claim for inadequate

medical care by a pre-trial detainee is sufficient under the Fourteenth Amendment."  <u>See</u> <u>id.</u>

(citation omitted).  The Court will, therefore, analyze Plaintiff's Fourteenth Amendment claim

against Defendant Lain for inadequate medical care

under the framework of the Eighth Amendment.  See id. at 582 (evaluating the pre-trial

detainee's "Fourteenth Amendment claim for inadequate medical care under the standard used to

evaluate similar claims brought under the Eighth Amendment . . ." (citation omitted)).

 In the context of medical care, the Eighth Amendment "requires prison officials to

provide basic medical treatment to those whom it has incarcerated."  See Rouse v. Plantier, 182

F.3d 192, 197 (3d Cir. 1999). To establish an Eighth Amendment claim based upon the denial of

medical care, an inmate must allege acts or omissions by prison officials that were sufficiently

harmful to evidence deliberate indifference to a serious medical need.  See Spruill v. Gillis, 372

F.3d 218, 235 (3d Cir. 2004); Natale, 318 F.3d at 582.  The relevant inquiry is whether the

defendant (1) was subjectively deliberately indifferent to (2) the plaintiff's objectively serious

medical needs.  See Farmer v. Brennan, 511 U.S. 825, 834-37 (1994); Chavarriaga, 806 F.3d at

226.

 "[T]he concept of a serious medical need, as developed in Estelle, has two components,

one relating to the consequences of a failure to treat and one relating to the obviousness of those

consequences."  Colburn v. Upper Darby Twp., 946 F.2d 1017, 1023 (3d Cir. 1991).  The

"condition must be such that a failure to treat can be expected to lead to substantial and

unnecessary suffering, injury, or death[,]" and "the condition must be one that has been

diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would

easily recognize the necessity for a doctor's attention."  See id. (citation and internal quotation

marks omitted).

 The concept of "deliberate indifference" requires that the prison official actually knew of

and disregarded "an excessive risk to inmate health or safety[.]"  See Farmer, 511 U.S. at 837.

The Third Circuit Court of Appeals has found deliberate indifference when a prison official:

(1) "knows of a prisoner's need for medical treatment and intentionally refuses to provide it;" (2) "delays necessary medical treatment based on a non-medical reason;" or (3) "prevents a prisoner from receiving needed or recommended medical treatment." See Rouse, 182 F.3d at 197 (citations omitted).

Here, the complaint fails to plausibly allege that Defendant Lain was deliberately indifferent to Plaintiff's medical needs. While the complaint alleges that Plaintiff "tried to talk" to Defendant Lain when she was starting her shift (Doc. No. 1 at 4), the complaint does not contain any specific factual allegations concerning whether Plaintiff was, in fact, able to have a conversation with Defendant Lain or whether she was even aware of Plaintiff's medical complaints following the incident with Defendant Rogers. As a result, there are no allegations in the complaint upon which the inference can be made that Defendant Lain knew of or disregarded an excessive risk of harm to Plaintiff's health or safety. See Farmer, 511 U.S. at 837.

Accordingly, the Court finds that the complaint fails to state a Fourteenth Amendment inadequate medical care claim upon which relief can be granted against Defendant Lain. As a result, Plaintiff's Fourteenth Amendment claim against Defendant Lain will be dismissed.

## C.   Defendant Rogers

Defendant Rogers argues that the complaint fails to state a Fourteenth Amendment excessive use of force claim upon which relief can be granted. (Doc. No. 23 at 10-17.) However, for the reasons discussed below, the Court is unpersuaded by this argument.

A pretrial detainee's claim based upon the use of excessive force arises under the Due Process Clause of the Fourteenth Amendment. See Kingsley v. Hendrickson, 576 U.S. 389, 397 (2015) (reiterating that "the Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment" (citation and internal quotation marks omitted)).

9

Because "pretrial detainees (unlike convicted prisoners) cannot be punished at all, much less 'maliciously and sadistically[,]'" see Kingsley, 576 U.S. at 400, "'a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable.'" See Jacobs v. Cumberland Cnty., 8 F.4th 187, 194 (3d Cir. 2021) (quoting Kingsley, 576 U.S. at 396-97) (emphasis in original).

In considering whether the use of force was objectively unreasonable, "'[a] court (judge or jury) cannot apply this standard mechanically.'" See id. (quoting Kingsley, 576 U.S. at 397). Instead, courts are to assess a variety of factors when determining whether an officer used "objectively unreasonable force[:]"

> the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.

See id. at 194-95 (quoting Kingsley, 576 U.S. at 397). In addition, courts are to analyze the "circumstances from the perspective of a reasonable officer on the scene." See id. at 195 (citation and internal quotation marks omitted); Kingsley, 576 U.S. at 399 (recognizing that "[r]unning a prison is an inordinately difficult undertaking, . . . and that safety and order at these institutions requires the expertise of correctional officials, who must have substantial discretion to devise reasonable solutions to the problems they face" (citation and internal citation and quotation marks omitted)).

Accepting Plaintiff's allegations as true, which the Court is required to do in connection with a Rule 12(b)(6) motion to dismiss, the Court concludes that the complaint alleges facts sufficient to state a Fourteenth Amendment excessive use of force claim against Defendant Rogers. The complaint specifically alleges that, while Plaintiff was handcuffed in an elevator

and "caus[ing] no threat" to Defendant Rogers, he was deliberately elbowed in the back of his head by Defendant Rogers.  (Doc. No. 1 at 4.)  Based on these allegations, the Court finds that the complaint sufficiently alleges that the force Defendant Rogers used against Plaintiff was objectively unreasonable.  See Jacobs, 8 F.4th at 194.

The Court is unpersuaded by Defendants Lain, Poorman, and Rogers' argument that the Kingsley factors support a finding that the force used against Plaintiff was not objectively unreasonable under the circumstances of this case.  Even though there may be situations in which application of these factors can occur based upon the pleadings alone, the Court concludes that, in this matter, a developed factual record is necessary to determine whether Defendant Rogers' use of force was objectively unreasonable under the circumstances.

In fact, the Court's conclusion in this regard is supported by the opinion that Defendants Lain, Poorman, and Rogers cite and heavily rely upon in their brief in support of their motion to dismiss, namely, Snider v. Motter, No. 4:13-cv-01226 (M.D. Pa. December 5, 2017), ECF No. 285.  More specifically, the Snider court's discussion of the Kingsley factors arose in connection with its resolution of a motion for summary judgment, not a motion to dismiss.  See id.  As a result, the district court was able to assess the record as a whole when determining whether the use of force was objectively unreasonable under the circumstances of the case.  See id.  Here, however, the Court does not have the benefit of a fully developed record and, thus, it simply cannot conclude—based upon the complaint's factual allegations alone—that Defendant Rogers' use of force was not objectively unreasonable.

Accordingly, the Court finds that the complaint plausibly states a Fourteenth Amendment excessive use of force claim upon which relief can be granted against Defendant Rogers.  As a result, the Court will deny Defendants Lain, Poorman, and Rogers' motion to

dismiss this claim.

**D.    Leave to Amend**

The only remaining issue is whether Plaintiff should be granted leave to amend his complaint.  Due to the applicable liberal pleading standard, a plaintiff should generally be granted leave to amend before a Court dismisses a claim that is merely deficient.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).  The Federal Rules of Civil Procedure allow for amendments to be granted liberally in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits."  See Foman v. Davis, 371 U.S. 178, 182 (1962) (citation and internal quotation marks omitted).

However, the Court may deny leave to amend where there is "undue delay, bad faith[,] or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment[.]"  See id.  The Court may also deny leave to amend where the proposed amendment would be futile—that is, where the pleading, "as amended, would fail to state a claim upon which relief could be granted."  See In re NAHC, Inc. Sec. Litig., 306 F.3d 1314, 1332 (3d Cir. 2002) (citations and internal quotation marks omitted).

In accordance with this standard, the Court cannot say that granting Plaintiff leave to amend his complaint would be futile and, thus, the Court will grant Plaintiff leave to file an amended complaint in order to attempt to cure the deficiencies identified above.  Plaintiff is advised that the amended complaint must be complete in all respects. It must be a new pleading that stands by itself without reference to the original complaint or any other document already filed.  The amended complaint shall set forth his claims in short, concise,

and plain statements as required by Rule 8 of the Federal Rules of Civil Procedure.  Finally, neither conclusory allegations nor broad allegations will set forth a cognizable claim.

**IV.    CONCLUSION**

For all of the foregoing reasons, the Court will grant the motion to dismiss filed by Defendant McGlaughlin (Doc. No. 20), and the Court will grant in part and deny in part the motion to dismiss filed by Defendants Lain, Poorman, and Rogers (Doc. No. 21).  Plaintiff will be afforded the opportunity to file an amended complaint.  An appropriate Order follows.